UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                           :

EDWIN GUERRIER,                                    :

                           :

                 Petitioner,          :

                           :

         -v-                                  :          25 Civ. 992 (JPC) (OTW)

                           :

E. RICKARD, Warden FCI Otisville,          :          <u>OPINION AND ORDER</u>
                           :          <u>ADOPTING REPORT AND</u>
                 Respondent.         :          <u>RECOMMENDATION</u>

                           :
-------------------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

Petitioner Edwin Guerrier, proceeding *pro se*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting his immediate transfer to prerelease custody pursuant to the First Step Act ("FSA") and the Second Chance Act. Dkt. 1 ("Petition"). Petitioner contends that he has been eligible for such transfer since December 31, 2024, relying on a Time Credit Assessment that the Bureau of Prisons ("BOP") issued on September 5, 2024 (the "2024 TCA"). *Id.* at 1-2. Respondent E. Rickard, the Warden of the Federal Correctional Institution Otisville where Petitioner was incarcerated when he filed the Petition, counters that the 2024 TCA contained an error, which the BOP acknowledged in a memorandum dated October 4, 2024. Dkt. 10 ("Opposition") at 3-4; Dkt. 11 ("Hayes Decl.") ¶ 5, Exh. B. The BOP then generated a corrected Time Credit Assessment for Petitioner on May 5, 2025 (the "2025 TCA"), pursuant to which Petitioner's earliest date of transfer to prerelease confinement would be October 27, 2026. Hayes Decl. ¶¶ 6-8, Exh. C; *see* Opposition at 4. Petitioner insists that the 2024 TCA nevertheless

remains the operative one, Dkt. 13 ("Reply) at 7,[1] while Respondent argues that the 2025 TCA controls and thus Petitioner is not yet eligible for prerelease transfer, Opposition at 6-8. Alternatively, Respondent argues that regardless of which TCA controls, the BOP has sole discretion to transfer an inmate to prerelease custody in the final twelve months of a sentence. *Id.* at 8. On April 27, 2026, the Honorable Ona T. Wang, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending that the undersigned deny the Petition on both grounds raised by Respondent. Dkt. 17 ("R&R") at 1.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, while also noting that Federal Rule of Civil Procedure 6 allows for three additional days if service is by mail. R&R at 13; *see* Fed. R. Civ. P. 6(d) (adding three days to situations "[w]hen a party must act within a specified time after being served" and service is made by mail). Judge Wang further warned that failure to timely file

---

[1] Petitioner's submission at Docket Number 13 is entitled "Motion for an Order to immediately transfer Petitioner to home confinement for the remainder of his sentence," but based on its contents, the Court construes the filing as his reply brief. *See* Dkt. 13.

such objections would result in waiver of any right to object and preclude appellate review. R&R at 13. The Report and Recommendation was entered on April 27, 2026, Dkt. 17, and was mailed to Petitioner the next day, *see* Docket Entry, Apr. 28, 2026. No objections have been filed and the time to object has passed. The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned and its conclusions well founded. Petitioner's reliance on the 2024 TCA is misplaced. As multiple courts have held, the BOP is not bound to the erroneous calculations in that worksheet—errors which the BOP quickly acknowledged and corrected. *See* R&R at 9-10 (collecting cases). Based on the 2025 TCA, Petitioner's earliest date of placement in prerelease custody is October 27, 2026, assuming Petitioner earns FSA time credits at the rate projected in the 2025 TCA. *See* Opposition at 6; *see also* R&R at 11 n.5. Petitioner is thus ineligible for transfer to prerelease custody at this time. The Court, therefore, need not consider whether it has authority to direct the BOP to transfer an inmate to prerelease custody during the last year of the inmate's sentence.

Accordingly, the Court adopts the Report and Recommendation and denies the Petition. To the extent a certificate of appealability is required for Petitioner to appeal, *see Cajigas v. FCI Otisville (Warden)*, No. 25 Civ. 628 (JMF), 2025 WL 1917952, at *2 (S.D.N.Y. June 20, 2025) ("It is somewhat unclear whether a certificate of appealability would be required for [the petitioner] to appeal." (citing *Drax v. Reno*, 338 F.3d 98, 106 n.12 (2d Cir. 2003); *Cespedes v. United States*, No. 01 Civ. 2249 (ILG), 2001 WL 811929, at *1 (E.D.N.Y. June 11, 2001)), one will not issue as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C.

§ 2253(c). The Court also certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment, mail a copy of this Opinion and Order to Petitioner, and terminate this case.

       SO ORDERED.

Dated: May 20, 2026
      New York, New York

                                 JOHN P. CRONAN
                           United States District Judge

4